```
                    UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
UNITED STATES OF AMERICA,            :
                                     :CIVIL ACTION NO. 3:13-CV-2759
         Plaintiff,                  :
                                     :(JUDGE CONABOY)
         v.                          :
                                     :
JUDITH A. WERNER,                    :
                                     :
         Defendant.                  :
                                     :
```
___

### **MEMORANDUM**

Here we consider the Motion for Summary Judgment (Doc. 20) filed by Plaintiff United States of America.  Plaintiff filed the motion, supporting brief (Doc. 21) and supporting affidavit (Doc. 22) on January 28, 2015.  As a result of defaults in the payment of the mortgage loan, Plaintiff filed this action on November 12, 2013, to foreclose a certain real property mortgage dated and acknowledged May 31, 2007, by Defendant Judith A. Werner.  (Doc. 1.)  Plaintiff now moves for summary judgment on the basis that there is no genuine issue as to any material fact and Plaintiff is entitled to judgment as a matter of law.  (Doc. 20 at 1.)  For the reasons discussed below, we conclude that Plaintiff's motion is properly granted.

### **I. Background**

#### *A.  Factual Background*

On May 31, 2007, the Defendant Judith A. Werner, made, executed and delivered a Mortgage upon the premises, 100 Old Gap Road, Carlisle, Pennsylvania, to the United States of America.

(Doc. 22 ¶ 3.)[1]  The Mortgage was given as security for payment of a certain Promissory Note of the same date in the amount of $165,400.00.  (*Id.* ¶ 4.)  In addition to executing the Mortgage and Promissory Note on May 31, 2007, Defendant also executed a Subsidy Repayment Agreement.  (*Id.* ¶ 5.)  Defendant acknowledged receipt of the Settlement Statement at the time of closing of the loan.  (*Id.* ¶ 6.)

The Mortgage is held by Plaintiff and has not been assigned. (*Id.* ¶ 7.)

Within one year of the origination of this loan, Defendant became delinquent in payments and notice was sent to her on January 29, 2008, and then Notice of Acceleration was sent to her on July 28, 2008.  (*Id.* ¶ 8.)  This delinquency was cured on September 13, 2008.  (*Id.*)

On April 29, 2009, the USDA received an Application for Payment Assistance from Defendant dated April 8, 2009.  (*Id.* ¶ 9.) The application was reviewed by USDA on May 7, 2009, and payment assistance was activated effective June 28, 2009.  (*Id.*)  The account once again became delinquent and notice was sent to Defendant on October 29, 2009.  (*Id.* ¶ 10.)  On November 27, 2009, Defendant agreed to a Delinquency Workout Agreement (DWA) and was advised that should she default the DWA would be canceled.  (*Id.* ¶

---

[1] Plaintiff properly cites Exhibits supporting the assertions set out in its Affidavit.  (Doc. 22.)  These citations are omitted in the factual recitation in this document.

11.) As a result of Defendant missing payment due under the DWA, on July 28, 2010, the DWA was canceled. (*Id.* ¶ 12.)

Borrowers are eligible for DWA once every two years, and therefore, Defendant was not eligible for another DWA until August 28, 2012. (Doc. 22 ¶ 13 (citing 7 C.F.R. § 3550.205).)

It was then discovered that Defendant failed to report social security income on her Payment Assistance Application, and on August 23, 2010, Defendant was advised that she received unauthorized assistance and owed $3,393.36 to the USDA. (*Id.* ¶ 14.)

On December 7, 2010, Defendant requested her account be re-amortized with the delinquent balance of $3,393.36 along with other delinquency amounts. (*Id.* ¶ 15.) On April 10, 2011, Defendant executed a Reamortization Agreement, effective March 28, 2011, and the Promissory Note was re-amortized in the amount of $168,400.38. (*Id.* ¶ 16.) The account became delinquent for the months of October 2011 through December 2011 and on January 6, 2012, the debt was accelerated. (*Id.* ¶ 17.)

On January 26, 2012, Defendant sent in another Payment Assistance Application which could not be reviewed until the account was out of foreclosure. (*Id.* ¶ 18 (citing 7 C.F.R. § 3550.204).) In April and May 2012, Defendant sent in funds to cure the October through December 2011 default, however, some of the moneys received were returned for nonsufficient funds. (*Id.* ¶ 19.)

On May 1, 2012, a second DWA was set up to bring the delinquent account current. (Doc. 22 ¶ 20.) As a result of Defendant missing payment due under the second DWA for June 28, 2012, on August 23, 2013, the DWA was canceled. (*Id.* ¶ 21.) As a result, Defendant was not eligible for another DWA for a period of two years, or until August 28, 2014. (*Id.* ¶ 22 (citing 7 C.F.R. § 3550.205).)

On October 15, 2012, Defendant submitted another Payment Assistance Application and moratorium request. (*Id.* ¶ 23.) However, additional income information was requested before a determination could be made and on November 5, 2012, a letter requesting the additional information was sent to Defendant. (*Id.*) Defendant failed to provide the requested information. (*Id.*)

On July 12, 2013, the loan was again accelerated, and Plaintiff mailed to Defendant a "Notice of Acceleration of Your Mortgage Loan(s); Demand for Payment of that Debt; Notice of Right to Cure Your Delinquency; Notice of Intent to Foreclose and Notice of Your Opportunity to Have a Hearing Concerning this Action" by certified mail to her last known address on the date shown on the copy of the Notice. (*Id.* ¶ 24.)

The Mortgage is in default because monthly payments of principal and interest due January 28, 2012, and each month thereafter, are due and unpaid. (Doc. 22 ¶ 25.) At no time from January 28, 2012, to the present has Defendant tendered the amount

of payments required to bring the Mortgage current and the Affiant--on behalf of the United States Department of Agriculture, Rural Housing Service--stated that she has at all times been willing to accept the same.  (*Id.* ¶ 26.)

```
    The amounts due and owing on the Mortgage are as follows:
    Principal Balance                              $165,386.34
    Interest from 12/28/11 to 12/31/14 at 5.75%     28,633.26
    Attorney's fee at 5% of Principal Balance        8,269.32
    Interest Recapture                                     .00
    Late Charges                                       675.41
    Fees required with Payoff Funds                    772.21
    Fees Currently Assessed                         11,360.73
```

The total amount due and owing is $215,097.27.  (*Id.* ¶ 30.)

### *B. Procedural Background*

This is an action to foreclose a certain real property mortgage dated and acknowledged May 31, 2007, by Defendant, Judith A. Werner.  (Doc. 1 at 1-2.)  The mortgage was given to secure a promissory note signed by Defendant in the original principal amount of $165,400.00.  (*Id.* at 2.)  Plaintiff filed a Complaint to foreclose its mortgage on November 12, 2013, as a result of defaults in payment of the mortgage loan.  (*Id.*)

On April 10, 2014, Plaintiff filed a Request for Entry of Default based on Defendant's failure to answer the Complaint. (Doc. 5 at 1.)  On the same date Plaintiff filed a Motion for Default Judgment.  (Doc. 6.)  On April 11, 2014, the Clerk of Court entered Default against Defendant.  (Doc. 8.)  On April 14, 2014, the Court granted Plaintiff's Motion for Default Judgment and entered judgment in favor of Defendant in the amount of $206,185.07

5

plus interest accruing thereon.  (Doc. 9.)

On April 28, 2014, Defendant filed a Notice of Appeal from the entry of the default judgment on the grounds that she was not served with a Summons along with the filed Complaint.  (Doc. 10.)  On May 1, 2013, Plaintiff filed a Motion to Vacate the Default Judgment (Doc. 11), and on May 7, 2014, this Court requested the case be remanded from the Court of Appeals for the Third Circuit so as to rule on the Plaintiff's pending Motion to Vacate Default Judgment (Doc. 14).  On October 16, 2014, the Mandate issued on the Court of Appeals Order of August 25, 2014, granting the unopposed motion to remand the case to the District Court.  (Doc. 17.)  This Court reopened the case on October 20, 2014.  (Doc. 18.)  A Summons having been issued as to Defendant on September 19, 2014 (Doc. 16), Defendant filed her Answer on November 24, 2014 (Doc. 19).

In her Answer, Defendant admits that she entered into a mortgage agreement with Plaintiff (although she indicates the date of the instrument was May 30, 2007, and not May 31, 2014, as indicated in the loan documents).  (Doc. 19 at 1.)  She further admits that she became delinquent on payments and that she received the notice of default and acceleration of the debt.  (*Id.*)  In her "Defenses," Defendant claims the following: Plaintiff failed to provide her with a HUD-1 statement prior to closing; Plaintiff, through its agent, Centralized Servicing Center, failed to provide her with relief under a payment workout agreement which she claims

6

she became eligible in March 2011; Defendant was incorrectly advised that a delinquency workout agreement could not be reopened when household income decreased; and it was the action/inaction, or errors and omissions of Plaintiff which contributed to her delinquency. (Doc. 19 at 1.)

As noted above, Plaintiff filed its Motion for Summary Judgment on January 28, 2015. (Doc. 20.) On the same date, Plaintiff filed its supporting brief (Doc. 21) and Affidavit in Support of Plaintiff's Motion for Summary Judgment (Doc. 22). Defendant did not file a responsive brief and the time for doing so has passed. Therefore, this matter is ripe for disposition.

## **II. Discussion**

### *A.   Summary Judgment Standard*

Summary judgment is appropriate when the movant demonstrates there is no "genuine issue as to any material fact." Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." *Kaucher v. County of*

7

*Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson*, 477 U.S. at 248). In determining whether a genuine issue of fact exists, a court must resolve all factual doubts and draw all reasonable inferences in favor of the nonmoving party. *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004) (citation omitted).

The initial burden is on the moving party to show an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citations omitted). The moving party may meet this burden by "pointing out to the district court [] that there is an absence of evidence to support the nonmoving party's case when the nonmoving party bears the ultimate burden of proof." *Id.* at 325. The non-moving party may not rest on the bare allegations contained in his or her pleadings, but is required by Federal Rule of Civil Procedure 56 to go beyond the pleadings by way of affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. *Id.* at 324.

Where underlying facts are in dispute, the facts are viewed in the light most favorable to the nonmoving party. *Abramson v. William Patterson College of N.J.*, 260 F.3d 265, 267 (3d Cir. 2001) (citing *Drinkwater v. Union Carbide Corp.*, 904 F.2d 853, 854 n.1 (3d Cir. 1990). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in

8

any weighing of evidence." *Anderson*, 477 U.S. at 255.  Therefore, when evidentiary facts are in dispute, when the credibility of witnesses may be in issue, or when conflicting evidence must be weighed, a full trial is usually necessary.

## B.   *Procedural Rule Compliance*

As noted above, Defendant has not responded to Plaintiff's motion and the time for doing so has passed.  Pursuant to Local Rule 7.6 of the Local Rules of Court of the Middle District of Pennsylvania, Defendant is deemed not to oppose Plaintiff's motion.

Pursuant to Local Rule 56.1 all material facts set out in the moving party's statement of facts are deemed admitted unless controverted.  Here Defendant has not controverted any statements set out in numbered paragraphs in the Affidavit (Doc. 22) accompanying Plaintiff's summary judgment motion (Doc. 20).  Therefore, pursuant to Local Rule 56.1, Defendant is deemed to admit all facts set out in Plaintiff's Affidavit.  *See also* Fed. R. Civ. P. 56(e)(2).

Federal Rule of Civil Procedure 56 also provides that when a party fails to properly address another party's assertion of fact, the court may "grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(3).  Thus, in addition to a finding that a party failed to respond under the local rule, "there must be a congruent finding that judgment for

9

the moving party is appropriate as a matter of law." *Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993).  With this legal framework, we now turn to the question of whether Plaintiff's motion and supporting materials show it is entitled to summary judgment.

## C.   *Plaintiff's Motion*

Plaintiff asserts summary judgment is appropriate in that the "default on this loan is fully documented and essentially undisputed."  (Doc. 21 at 5.)  Plaintiff also states that "Defendant has failed to place into dispute any material facts or refute Plaintiff's right to summary judgment as a matter of law. . . . The defenses asserted by Defendant are not supported by fact or law.  Therefore, Defendant's Answer does not constitute a defense to this foreclosure action."  (Doc. 21 at 3.)

"In a mortgage foreclosure action, the plaintiff must show the existence of an obligation secured by a mortgage, and a default of that obligation."  *Chemical Bank v. Dippolito*, 897 F. Supp. 221, 224 (E.D. Pa. 1995).  "'The entry of summary judgment is proper if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount.'"  *Wilson v. Parisi*, 549 F. Supp. 2d 637, 655 (M.D. Pa. 2008) (quoting *Landau v. W. Pa. Nat'l Bank*, 282 A.2d 335, 340 (Pa. 1971)).

Plaintiff has provided evidence of an obligation in the form

10

of the Mortgage executed and delivered on May 31, 2007, upon the premises, 100 Old Gap Road, Carlisle, Pennsylvania, which was given as security for payment of a Promissory Note of the same date in the amount of $165,400.00.  (Doc. 22 ¶¶ 3-4 (citations omitted).) Plaintiff has also provided evidence that Defendant executed a Subsidy Repayment Agreement on May 31, 2007 (Doc. 22 ¶ 5 (citation omitted)) and that Defendant is in default of her obligation (*id.* ¶¶ 8-27).

In her Answer to the Complaint, Defendant admits that she entered into the Mortgage, that she became delinquent on payments and that she received a notice of default and an acceleration notice.  (Doc. 19 at 1.)  Defendant denied that Plaintiff should be able to foreclose on her home for the following reasons: 1) Plaintiff failed to provide a HUD-1 Statement before the closing; 2) Plaintiff's agent (Centralized Servicing Center) failed to inform or provide relief under a payment workout agreement when Defendant became eligible in March of 2011; 3) Centralized Servicing Center incorrectly advised Defendant that a delinquency workout agreement could not be reopened when household income decreased; and 4) actions, inactions, errors and omissions by Plaintiff or its agents contributed to the severity of the delinquency.  (Doc. 19 at 1.)

Plaintiff has provided evidence that Defendant was provided with a HUD-1 Settlement Statement and Defendant acknowledged

11

receipt of the document.  (Doc. 21 at 8 (citing Affidavit Exhibit "D" (Doc. 22-1 at 13-14)).)  Thus, Defendant's assertion regarding the HUD-1 Statement is directly refuted.  Similarly, Defendant's argument relating to eligibility for a payment workout agreement in March 2011 is not supported when the history of her case is considered in the context of relevant regulations.  (*See* Doc. 21 at 9-11.)

Defendant provided no evidence in support of her defenses and has provided no evidence that would create a genuine issue of material fact regarding the default of her obligation.  Mere assertions set out in a pleading are insufficient to defeat summary judgment.  *Bhatla v. U.S. Capital Corp.*, 990 F.2d 780, 787 (3d Cir. 1993) ("to defeat a motion for summary judgment, a party cannot rest simply on the allegations in the pleadings[;] [r]ather it must rely on affidavits, depositions, answers to interrogatories, or admissions on file."); *see also Brown v. SEPTA*, 539 F. App'x 25, 27 (3d Cir. 2013) (not precedential).  Therefore the undisputed facts show that Plaintiff is entitled to summary judgment because Plaintiff loaned Defendant $165,400.00, Defendant conveyed a Mortgage to Plaintiff as security for the loan, and Defendant defaulted on her repayment obligation.

### **III. Conclusion**

For the reasons discussed above, the Court Plaintiff's Motion for Summary Judgment (Doc. 20) is GRANTED.  An appropriate Order is

12

filed simultaneously with this action.

                                      <u>S/Richard P. Conaboy</u>
                                      RICHARD P. CONABOY
                                      United States District Judge

DATED:March 9, 2015